IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MIKE SHEREF SCOTT, #291-152,          *
                    Petitioner,
                                      *
        v.                                      CIVIL ACTION NO.   AW-06-1298
                                      *
LEHRMAN W. DOTSON, and
THE ATTORNEY GENERAL OF THE          *
 STATE OF MARYLAND
                    Respondents.      *

                                      ******

## MEMORANDUM

Petitioner Mike Shereff Scott, an inmate confined at the Maryland Correctional Adjustment Center, filed the instant 28 U.S.C. § 2241 application for habeas corpus relief on May 19, 2006, contending that the DOC has erred in calculating his diminution of confinement credits.[1] Paper No. 1.  Respondent has filed an Answer to which Petitioner has not replied. Paper No. 5.  After review of these papers, this Court finds the Petition raises only issues of law and there is no need for an evidentiary hearing. *See* 28 U.S.C. § 2243.  For the reasons stated below, the court will, by separate Order, dismiss the Petition.

Before a petitioner may seek habeas relief in federal court, he or she must exhaust each claim presented to the federal court through remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973).   A prisoner challenging the calculation of  his release date has two possible avenues for relief in the state courts; by way of administrative proceeding and, in certain instances, by way of petition to the state courts.

Regardless of whether he believes he is entitled to an immediate release, a prisoner may

---

[1]   While Petitioner used the forms for filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, he attacked the execution of his sentence.  Accordingly, the action is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

challenge the calculation of his sentences and/or diminution credits through administrative proceedings by:

1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001 *et seq.,* to the warden of the institution where he is confined;
2. Appealing a denial of the request by the warden to the Commissioner;
3. Filing a complaint with the Inmate Grievance Office, ("IGO");
4. Appealing a final decision of the IGO to the Circuit Court;
5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and
6. <u>If</u> the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

A prisoner claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;[2]
2. Appealing a decision by the Circuit Court to the Court of Special Appeals;[3] and
3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Petitioner has not attempted to employ either of these procedures. Paper Nos. 1 and 5, Ex. 9. Accordingly, a separate Order will be entered dismissing this action without prejudice for failure to exhaust available state court remedies.[4]

 August 30 ,2006            /s/
 Date                  Alexander Williams, Jr.
                       United States District Judge

---

[2]In *Maryland House of Correction v. Fields*, 348 Md. 245, 261 (1997), the Maryland Court of Appeals held that a prisoner presenting a colorable claim of entitlement to immediate release based upon the calculation of diminution credits was entitled to seek habeas corpus relief without first exhausting his administrative remedies. It did not address the situation where a prisoner was not claiming entitlement to immediate release.

[3]Although at one time this Court interpreted Maryland law as not permitting an appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Maryland Court of Appeals have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

[4]The undersigned is not expressing an opinion whether Petitioner has stated a cognizable constitutional claim.